FILED
CLERK, U.S. DISTRICT COURT
04/29/16
CENTRAL DISTRICT OF CALIFORNIA
BY: GR DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA A. NICHOLS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 15-04920-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Priscilla A. Nichols ("Plaintiff") challenges the Commissioner's denial of her application for social security supplemental income ("SSI") benefits under Title XVI, following an administrative law judge's ("ALJ") decision denying Plaintiff's application. Administrative Record ("AR") 1. For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

On December 30, 2011, Plaintiff protectively applied for SSI alleging disability beginning on February 14, 2009, her alleged onset date ("AOD")). AR 23. Plaintiff's claim was denied first on April 16, 2012. *Id*. Plaintiff then requested an administrative hearing before an ALJ, which occurred on August 7,

2013.  *Id*.  Plaintiff testified at the hearing and was represented by counsel.  *Id*.  A vocational expert also testified.  *Id.*  On August 13, 2013, the ALJ found that Plaintiff was not disabled.  AR 28.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  AR 1-3.  Plaintiff filed the instant action in this Court on June 29, 2015.  Dkt. No. 1.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled.  20 C.F.R. §§ 404.1520, 416.920; *see also Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application filing date.  AR 25.  At **step two**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months.  *Id.* at 25-28.  Consequently, the ALJ did not proceed with the remaining steps of the sequential evaluation process.

After reviewing the administrative record, the Court concludes that the evidence shows that substantial evidence does not support the ALJ's determination that Plaintiff's back impairments were not severe, resulting in the termination of Plaintiff's case at Step Two.

Step two of the five-step sequential process is a "de minimus screening device" used to dispose of groundless claims.  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (citing *Smolen*, 80 F.3d at 1290).  The threshold for a step two "severity" finding is a "low bar."  *Gardner v. Astrue*, 257 F. App'x 28, 29 (9th Cir. 2007).  An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence."  *Webb*, 433 F.3d at 687; *Smolen*, 80 F.3d at 1290; Social Security Ruling ("SSR") 85-28, 1985 WL 56856, *3.

Based on a review of the evidence in the administrative record, the Court concludes that Plaintiff has met her burden of showing a severe impairment

regarding her back problems under step two's de minimis standard. Specifically, Plaintiff's medical records show that doctors repeatedly diagnosed Plaintiff with back-related problems: a March 2012 finding of "Degeneration of Cervical intervertebral disc" and "Degeneration of lumbar intervertebral disc" by Dr. Frederick Thomas (AR 189); a December 2011 diagnosis and opinion that Plaintiff suffers from "Lumbar Spinal Degenerative Disc Disease" and "Lumbar Spinal Degenerative Joint Disease" and has "daily chronic discomfort in her lower back when ambulating, standing or sitting due to pain and muscle spasm" by Dr. Derrick Butler, Plaintiff's treating physician (AR 184); a January 2011 examination report reflecting "lower back pain" and "lumbar muscle spasm" by Dr. Butler (AR 211-12); and an April 2012 opinion that Plaintiff's "Disorders of Back – Discogenic and Degenerative" are a "severe" medically determinable impairment from Dr. E. Christian, the state agency medical consultant (AR 55). This evidence is more than sufficient to clear the "low bar at step two." *Gardner*, 257 F. App'x at 29.

Accordingly, the Court concludes that remand is appropriate to allow the sequential evaluation process to proceed. *See*, *e.g., Delgado v. Commissioner of Social Sec. Admin.*, 500 F. App'x 570, 570 (9th Cir. 2012). On remand, the ALJ should consider Plaintiff's back impairment severe and proceed to the next step.

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

DATED: April 29, 2016

                                                   /s/ Rozella A. Oliver
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**